**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR C. DOMINGO,<br><br>    Plaintiff,<br><br>  v.<br><br>PATRICK R. DONOHUE,<br><br>    Defendant.                              / | No. C 11-05333 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pro se plaintiff Nestor Domingo has sued the United States Postal Service ("Postal Service" or "the government"), his former employer. He accuses his supervisors of discriminatory, harassing and retaliatory conduct in violation of federal anti-discrimination laws.

The government now moves to dismiss several of Domingo's claims. It contends that they fail under either Federal Rule of Civil Procedure 12(b)(1) because Domingo failed to exhaust them administratively or under Rule 12(b)(6) because they fail to state a claim. The government asserts that the only claims properly before the Court are the discrete charges that Domingo raised in a March 2006 Equal Employment Opportunity ("EEO") case and subsequently exhausted in August 2011.

For the reasons discussed below, the Court will GRANT the motion.

//

## I. BACKGROUND

Domingo's problems with the Postal Service trace to December 2003, when he pursued, but did not formally file, an Equal Employment Opportunity claim against his new supervisor in the Napa, California, post office. Compl. (dkt. 1) ¶ 10. Domingo and the Postal Service settled the dispute a few months later (the "2004 Settlement"). Id. He now contends that the Postal Service breached the settlement, with his "working condition[s] dramatically chang[ing] for the worst" after March 2004. Id. at 6.

Domingo filed five formal EEO complaints from February 2006 through October 2008. Patterson Decl. (dkt. 9) ¶¶ 4-8. After exhausting one of his cases before the Equal Employment Opportunity Commission ("EEOC") in August 2011, Domingo brought this suit on November 11, 2011. His specific claims are not easy to untangle, but he generally invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. See Compl. ¶ 3.

The government argues that all claims in Domingo's Complaint that lie outside the single exhausted EEO case must be dismissed as time-barred or unexhausted. Mot. at 3. It therefore requests dismissal of the entire Complaint, with the Court allowing Domingo leave to file a new complaint stating only those claims that have been exhausted in the March 2006 EEOC matter. Id.

## II. LEGAL STANDARD

When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Further, when a plaintiff appears *pro se*, as Domingo does here, his complaint must "be liberally construed" and be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). The Court may deny leave to amend if amendment would be futile. See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

//

2

## III. DISCUSSION

### A. Legal Principles

Title VII requires a federal employee to exhaust administrative remedies before filing a discrimination case in federal district court. Vinieratos v. U.S. Dep't of Air Force, 939 F.2d 762, 768 (9th Cir. 1991). The worker may sue only after "final disposition" of his or her administrative claim. Id. at 768-69. "[W]here a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, . . . the district court does not have subject matter jurisdiction." Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).

A federal employee seeking to pursue a discrimination complaint must contact an EEO counselor within 45 days of the discriminatory conduct. See 29 C.F.R. § 1614.105(a)(1). Title VII also sets filing deadlines that such an employee must meet if he wishes to bring suit in federal court after exhausting his claims administratively. See 42 U.S.C. § 2000e-16(c). Thus, an employee may bring a discrimination suit within 90 days the agency employer's initial disposition of the claim or within 90 days of the EEOC's disposition on appeal. See 29 C.F.R. 1617.407. These deadlines operate as statutes of limitation. See Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997).

### B. Domingo's Claims

Almost all of the conduct alleged in the Complaint occurred from 2004 through 2006. Id. Whether these claims survive the Motion to Dismiss turns on whether each of them has been exhausted and brought to this Court within Title VII's deadlines. To answer these questions, the Court takes judicial notice of the exhibits, provided by the government, related to Domingo's EEO complaints.[1] See Colwell v. Dep't of Health & Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2008) (citation omitted) (to determine whether it has subject-matter jurisdiction, a court may examine "affidavits or any other evidence properly before the

---

[1] The government provided the following documents: (1) the March 2004 agreement settling Domingo's claims before he formally filed any EEO complaint, (2) the complaint filed in May 2006 that Domingo exhausted through appeal on August 2, 2011, (3) a 2007 complaint that remains under consideration before the EEOC, and (4) a 2008 complaint that likewise remains before the EEOC. See Patterson Decl. (dkt. 9) Exs. 1-4.

3

1 court."); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by
2 Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002) (when ruling on a
3 12(b)(6) motion, a court may consider a document that is not attached to the complaint if the
4 complaint refers to it and no party questions the document's authenticity.").

5       As discussed above, Domingo has filed five complaints with the EEOC and has
6 settled one before a formal filing. The parties agree that Domingo is not asserting claims
7 related to the EEO complaints lodged in 2007 and 2008. See Opp'n at 7; Reply at 4.
8 Therefore, the Court will focus on the EEO cases that Domingo filed after the March 2004
9 settlement through 2006.

10       Domingo filed his first formal complaint, EEO Case No. 4F-945-0019-06, against the
11 Postal Service on February 5, 2006. Patterson Decl. ¶ 4. The government dismissed this
12 complaint a month later for failure to state a claim. Id. Domingo did not appeal to either the
13 EEOC or to U.S. District Court. Id. It is unclear from the parties' filings what Domingo
14 asserted in this first case, but all such claims are time-barred because Domingo did not appeal
15 within 90 days of final agency action. See 42 U.S.C. 2000e-16(c).

16       Domingo's second EEO complaint, EEO Case. No. 4F-945-0103-06, alleges that a
17 string of events from March 9, 2006, through March 31, 2006, were discriminatory on the
18 basis of his race, nationality, and physical handicap. Patterson Decl. Ex. 2. It also raised a
19 retaliation claim. Id.

20       As reported in his EEO complaint, the allegedly discriminatory conduct involved: (1)
21 route inspections by a fellow worker, (2) examination by that same worker, allegedly without
22 authority, of Domingo's work log, (3) a supervisor's award of more lucrative routes to a
23 fellow employee to discourage the worker's support for Domingo's EEO complaints, (4)
24 efforts to make it seem as if Domingo was falling behind on his duties, (5) inspection of
25 Domingo's personal vehicle by fellow employees, (6) the use of Domingo's "personal and
26 very private information" from e-mails, and (7) rumors about Domingo's residency status.
27 Patterson Decl. Ex. 2 at 2-3.

4

The Postal Service rejected the claims, which Domingo then pursued through administrative appeal before the EEOC. Patterson Decl. ¶ 5. The EEOC rejected Domingo's claims and refused his request to reconsider on August 2011. Id. Domingo has re-asserted here the claims from EEO Case. No. 4F-945-0103-06. Because he did so within Title VII's 90-day window, these claims are properly before this Court.

Domingo lost his third case, EEO Case No. 4F-945-0148-07, on procedural grounds. Id. ¶ 6. The EEOC upheld this ruling in October 2007, and Domingo did not seek either reconsideration or relief in federal court. Id. Because more than 90 days have passed since final action on EEO Case No. 4F-0148-07, the claims asserted in that case are therefore barred by Title VII's statute of limitations.

Accordingly, and as discussed during the March 9, 2012 motion hearing, the Court finds that Domingo has properly exhausted and timely filed only those charges asserted in EEO Case No. 4F-945-0103-06. The case before this Court must therefore be restricted to those claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss all claims other than those discrete charges that Domingo brought in EEO Case No. 4F-945-0103-06.

It is unnecessary for Domingo to file an amended complaint.

**IT IS SO ORDERED.**

Dated: March 13, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE