IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR C. DOMINGO,<br><br>    Plaintiff,<br><br>  v.<br><br>PATRICK R. DONOHUE,<br><br>    Defendant.                       / | No. C 11-05333<br>No. C 13-4150<br>No. C 13-4151<br><br>**ORDER DENYING REQUEST FOR RECUSAL** |

Pro se Plaintiff Nestor Domingo recently filed a Non-Opposition to Defendant Patrick Donahue's Administrative Motion to Consider Whether Cases Should be Related, stating that he does not oppose relating the above cases, but asking that they not be assigned to this Court. See Non-Opposition (dkt. 152).[1] Plaintiff asserts that the Court wrongly granted summary judgment for Defendant in its earlier case, see Order on Summary Judgment (dkt. 145), and in so doing "concluded that the Defendant asserted a legitimate reason to terminate Plaintiff[,] which is an issue in" the two newly filed cases. Id. at 2. Plaintiff argues that 28 U.S.C. § 455 "provides that a judge shall disqualify himself where he has expressed an opinion concerning the other case, and in which his impartiality might reasonably be questioned." Id. Plaintiff provides no case law in support of his position.

Even accepting Plaintiff's characterization of the Court's summary judgment order, it does not support recusal here. Section 455 provides that a judge "shall disqualify himself in

---

[1] The Court granted the Administrative Motion. See Order Granting Motion to Relate (dkt. 155).

any proceeding in which his impartiality might reasonably be questioned," and also "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. Essentially it asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Clemens v. U.S. Dist. Ct.</u>, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted).

Importantly, "in the absence of some <u>extrajudicial</u> source of bias or partiality, 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile, to counsel, or the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" <u>United States v. Martin</u>, 278 F.3d 988, 1005 (9th Cir. 2002) (citing <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994)); <u>see also</u> <u>United States v. McTiernan</u>, 695 F.3d 882, 891 (9th Cir. 2012) (parties to a proceeding may not "attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity"); <u>United States v. Holland</u>, 519 F.3d 909, 914 (9th Cir. 2008) (citing <u>Liteky</u>, 510 U.S. at 555) ("the judge's conduct during the proceedings should not, except in the 'rarest of circumstances,' form the sole basis for recusal under § 455(a).").

Plaintiff points to no extrajudicial sources of bias in this case. Plaintiff also fails to demonstrate that the Court's summary judgment order reveals such a bias that fair judgment in the new cases would be impossible. "[O]nly exceptionally inflammatory information will provide grounds for recusal based on bias or prejudice" if information is acquired during court proceedings. <u>See</u> <u>United States v. Johnson</u>, 610 F.3d 1138, 1147 (9th Cir. 2010). The Court's function in the earlier case was to rule on a pending summary judgment motion. Plaintiff believes that the Court did so incorrectly, and is pursuing an appellate remedy. <u>See</u> Notice of Appeal (dkt. 151). Appeal, rather than recusal, is the appropriate remedy.

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 19, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE