IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR C. DOMINGO,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK R. DONOHUE,<br><br>    Defendant.<br>_____ / | No. C 11-05333 CRB<br><br>**ORDER AWARDING COSTS** |

On October 18, 2013, this Court granted Defendant's motion for summary judgment and entered judgment for Defendant. See Order Granting MSJ (dkt. 145); Judgment (dkt. 146). On October 24, 2013, Defendant timely submitted a Bill of Costs based on the October 18, 2013 judgment, seeking $10,015.85. See Bill of Costs (dkt. 148); Civil Local Rule 54-1(a) (requiring prevailing party to file a bill of costs no later than 14 days after entry of judgment).[1] The Court awarded costs of $10,015.85. See Costs Taxed (dkt. 159). Plaintiff appealed the Court's summary judgment order, see Notice of Appeal (dkt. 151), and the Court's taxation of costs, see Amended Notice of Appeal (dkt. 171). The Ninth Circuit affirmed this Court's grant of summary judgment and concluded that this Court "had the

---

[1] The complete text of Rule 54-1(a) is: "**Time for Filing and Content.** No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs. The bill must state separately and specifically each item of taxable costs claimed. It must be supported by an affidavit, pursuant to 28 U.S.C. § 1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law. Appropriate documentation to support each item claimed must be attached to the bill of costs."

authority to award costs and did not abuse its discretion by doing so." See USCA Memorandum (dkt. 177) at 4. The Ninth Circuit then stated: "However, the district court awarded a total of $10,015.85, but appellee has conceded that certain fees in the amount of $60.00 should not have been included in the award. Therefore, we vacate the award and remand for further consideration." Id. The Ninth Circuit's Mandate issued on March 24, 2016. See Mandate (dkt. 178). Neither party contends that the Court could not have simply awarded Defendant costs at that time of $9,955.85 ($10,015.85 minus $60.00).

Instead the Court waited to hear from the parties. On July 26, 2016, Defendant filed an Amended Bill of Costs, seeking $9,955.85. See Amended Bill of Costs (dkt. 180). Plaintiff objected to the Amended Bill of Costs, asserting that it ran afoul of Civil Local Rule 54-1(a) because it was filed more than fourteen days after both the judgment and the Mandate from the Ninth Circuit. See Objection (dkt. 183). The Court ordered supplemental briefing on Plaintiff's Objection and received responses from both parties. See Federal Defendant's Response (dkt. 188); Plaintiff's Answer (dkt. 189).

The Court, having carefully considered the parties' arguments, rejects Plaintiff's Objection. The Amended Bill of Costs is not a "new" Bill of Costs,[2] see Plaintiff's Answer at 2 (Court "should not consider a new Bill of Costs that is filed not within the time limit"), which would be subject to Rule 54-1, but a correction of the original Bill of Costs, which complied with Rule 54-1. Judge Illston's decision in San Francisco Bay Area Rapid Transit District v. Spencer, Case No. 04-cv-4632 SI, which Plaintiff cites for the proposition that the Court should not consider a late bill of costs, see Plaintiff's Answer at 2, actually supports this interpretation. In Spencer, the court had entered judgment on March 23, 2007, and then issued a corrected judgment on March 29, 2007 to correct a simple arithmetic error. See Order on Motion for Judgment as a Matter of Law in Spencer (dkt. 401) at 19. Plaintiff argued that the 14 day window to file its bill of costs pursuant to Rule 54-1 "should run from the date of the corrected judgment, rather than that of the first judgment." Id. The court

---

[2] Further proof that it is not "new": the Amended Bill of Costs does not include any costs associated with the appeal. See Amended Bill of Costs; Civil Local Rule 54-3(g) (allowing costs on appeal); Fed. R. App. Proc. 39 (costs on appeal).

2

1  disagreed, explaining that "[t]he parties understood on March 23, 2007, that judgment had
2  been entered in favor of [Plaintiff]." Id.  The court further cited to Laffey v. Northwest
3  Airlines, Inc., 587 F.2d 1223 (D.C. Cir. 1978), in which a bill of costs was untimely where
4  "the prevailing party did not seek costs until after a petition for rehearing had been denied, 11
5  months after entry of judgment." Id.  The lesson from both Spencer and Laffey is that a
6  prevailing party must promptly file its bill of costs at the first opportunity (usually, when the
7  district court enters judgment).  Defendant did so here.  See Bill of Costs.[3]

8      The Court therefore AWARDS Defendant costs of $9,955.85.

9      **IT IS SO ORDERED.**

11  Dated: September 21, 2016



12  CHARLES R. BREYER
   UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

---

[3] The Court rejects any suggestion that the Ninth Circuit's Mandate in this case was the "order under which costs may be claimed," as Defendant's entitlement to the costs at issue stemmed from the entry of judgment. See Local Civil Rule 54-1(a).

3